IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD L. HARRIS,

    Plaintiff,

v.

AAA ALLIED GROUP, INC.,

    Defendant.

Case No.: 5:12-CV-04138-RDR-JPO

## AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the Parties move for the entry of this Protective Order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and ensure protection is afforded only to such deemed material. Because this is an employment lawsuit, alleging workers' compensation retaliation, the parties in discovery may seek confidential information during discovery which may disclose certain medical conditions of Plaintiff and Defendant's employees, certain financial and business information regarding the parties which could be utilized by third parties and business competitors to harm the parties, certain information about Defendant's customers which discloses private information about them, and other information that could cause significant embarrassment, public and private harm, humiliation, and/or liability to the parties and third parties. Consequently, the Parties agree that certain information should be given the protection of an Order of this Court to prevent injury to the parties or others through disclosures to persons other than those persons involved in the prosecution of this litigation, including medical records, non-public financial records, personnel

records, information containing confidential personal identifiers of Defendant's clients and potential clients, and internal policies and procedures of Defendant and all affiliate entities.

Accordingly, the Court finds that good cause exists under Fed. R. Civ. P. 26(c) to enter a protective order and IT IS HEREBY ORDERED:

1. That certain documents and information produced or disclosed during this litigation should be treated as confidential and shall be used only for purposes of this lawsuit. That such Confidential Information as described in paragraph 2 should be given the protection of an Order of this Court to prevent injury to the parties or others through disclosures to persons other than those persons involved in the prosecution of this litigation.

2. <u>Confidential Information</u>. That the following documents and information produced or disclosed during this litigation should be treated as confidential and shall be used only for the purposes of this lawsuit. Information subject to confidential treatment including documents, discovery responses (including interrogatory answers, documents produced and responses to requests for admissions) or depositions taken (or portions thereof) in this litigation relating to the following matters may be designated by the producing or testifying party as "Confidential Information":

    A. "Medical Records" of Plaintiff, which term shall refer to: (1) health care provider records and statements, involving the health, treatment and well being of Plaintiff; (2) hospital records; (3) billing statements; and (4) any other records or statements involving the health, treatment and well being of Plaintiff.

    B. "Financial Records" of the parties, which term shall refer to: (1) tax returns; (2) financial statements; (3) salary or payroll information, records or schedules; (4) records pertaining to bank accounts; and (5) any other records or statements containing

financial information of the parties and their employees. Information readily available to the public is excluded from this definition.

        C.     "Personnel Records," which term shall refer to files or records relating to Plaintiff and personnel or employment matters of current or former employees of the Defendant, including the following: (1) personnel files; (2) personal or employment history information; (3) performance evaluations; (4) disciplinary records; (5) information relating to pay and/or fringe benefits; and (6) any other information containing personal identifiers, medical information, and/or financial information pertaining to Defendant's current or former employees.

        D.     The internal policies and practices of Defendant and all affiliated entities which are not currently available to the public.

        E.     Documents disclosing the identities of Defendant's clients or disclosing information about Defendant's products or services not generally known to the public.

        3.     <u>Designating Documents and Discovery Responses Confidential</u>. Any party to this action may designate as Confidential Information a document or discovery response produced after the entry of this Order by (a) stamping or labeling the document or interrogatory answer with the word "Confidential" or (b) advising the opposing party in writing that at the time of production that certain documents or interrogatory answers are "Confidential." A party may designate as Confidential Information any documents or interrogatory answers produced prior to the entry of this Order by (i) stamping or labeling duplicate copies of the documents or interrogatory answers previously produced with the word "Confidential" and delivering the stamped copies to opposing counsel, or (ii) advising the opposing party in writing after the entry of this Order that certain documents, deposition testimony or interrogatory answers are "Confidential." Unless otherwise ordered by the Court or agreed to by the parties, only

documents, interrogatory answers or deposition testimony relating to the subjects enumerated in Paragraph 2 may be designated as Confidential Information.

4. <u>Disclosure of Confidential Information</u>. All documents, interrogatory answers, admissions or other discovery matters designated as Confidential Information are to be treated by the party in this lawsuit receiving the discovery as confidential and shall be utilized by such party only for the prosecution or defense of this case. Except as may be ordered by the Court or agreed to by the parties, disclosure of such discovery material or the information contained therein shall be limited to the Court, the parties, their counsel, counsel's legal and clerical assistants, and testifying and non-testifying experts (provided such experts agree to be bound by the terms of this Order), as may from time to time be reasonably necessary in the prosecution or defense of this action. Counsel shall confer prior to the use of any Confidential Information in deposing or otherwise questioning a third-party witness or in submission of any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case in an effort to reach an agreement by the parties as to the disclosure of such Confidential Information. In the event the parties cannot reach an agreement, the party seeking to utilize the Confidential Information shall file a motion with the Court to file the information under seal and, if leave to do so is granted, shall file such information under seal. The parties are to follow the Court's administrative procedures for electronically filing documents under seal.

5. <u>Disputes Concerning Designation(s) of Confidential Information</u>. In the event any party to this action disagrees with the designation of any information as Confidential Information, the party challenging the propriety of a confidentiality designation must notify the other party of its challenge in writing within 30 days of receipt of the confidential materials. Failure by either party to object to the confidentiality designation within the time prescribed will

serve as a waiver of any subsequent objection. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court, which may conduct an *in camera* inspection of the confidential materials. The party seeking confidentiality of this information shall have the burden of establishing that the information is entitled to confidential treatment.

6. <u>Disclosure of Electronically Stored Information ("ESI").</u> In this action involving a single plaintiff it is not anticipated that there will be extensive electronic discovery. Counsel has conferred with their respective clients about their obligations to preserve and disclose electronically stored information under the federal rules and this Court's guidelines. Requests, if any, that documents be produced in native format or for the production of embedded data or metadata, will be discussed and addressed by counsel on a case-by-case basis. Unless otherwise ordered by the Court or agreed to by the parties, only ESI relating to the subjects enumerated in Paragraph 2 may be designated as Confidential Information.

7. <u>Binding Effect of This Order</u>. This Order is binding upon the parties and the law firms representing them. This Order, insofar as it restricts the communication and use of Confidential Information, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. The Court's jurisdiction to enforce this Order is terminated upon final disposition of this case. The party seeking to enforce the Order following final disposition of the case must move to reopen the case.

8. <u>Production of Privileged or Attorney Client Protected Material or Information.</u> The parties have agreed to employ the "Clawback Method" regarding claims of privilege or of protection as trial-preparation material asserted after production. In the event that the receiving

party discovers that it has received either attorney-client privilege or work-product-protected documents, it will bring that fact to the attention of the producing party immediately upon discovery. Within five (5) days of the request of the producing party for the return of the privileged or work product documents, the receiving party will promptly return to the producing party any attorney-client privilege or work-product-protected document and any copies that the receiving party may have made. Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document. Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work-product protection will not constitute a waiver of either any available privilege or protection by the disclosing party. No such inadvertently produced attorney-client privilege or work-product-protected document may be used in evidence against the producing party.

9. <u>Return and/or Destruction of Confidential Information</u>. Upon final termination of this action, including all appeals, the receiving party of designated confidential documents shall return such documents to the opposing party within a reasonable period of time.

10. <u>Burden of Proof in Establishing Confidential Nature of Material</u>. The intent of this Order is to provide a mechanism by which the parties may protect confidential documents and information during the discovery process. Entry of this Order by the Court does not constitute an adjudication that any information provided pursuant to discovery is, in fact, confidential, and to the extent any dispute arises over whether information is, in fact, confidential, the burden of proving the confidential nature of the information shall be borne by the party making that claim.

11. <u>Violation of Protective Order</u>.  If any person or entity described in Paragraph 7 shall violate this Order, said person or entity shall be subject to proper sanctions as determined by the Court.

12. <u>Modification of Protective Order</u>.  This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court.  The parties may petition the Court to modify or amend its terms as the scope of discovery dictates.

13. <u>No Admission</u>.  Nothing in this Order shall be construed as an admission or determination as to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

**IT IS SO ORDERED.**

Dated on this 15th day of February, 2013.

s/ James P. OHara
Honorable James P. O'Hara
U.S. Magistrate Judge
